The. opinion of the Court .was delivered by

Ififr. Justice Jtichardson.

In this case, the plaintiff having an order for judgment, in May, 1819, had the case erroneously referred to the clerk,, to nssess the damages; which being an a*ct simply void, left the case precisely where it stood before, i. e. under- aii order for judgment; and just as if it had remained on docket up to October, 1823. 'What then remained to be done, but to move for1 leave to. enter up judgment now, astho’ it had been done in 1819,-when it ought to have been done. It is pretended that judgment cannot he entered up at the' end of three or four years after obtaining it. This is not uncommon. The entire object is to enter the form of a judgment,1 which had been rendered in 1819. If is entered nunc pro tunc; i. e. now, ,for May, 1819; and thus a proper formula of a judgment is substituted for the erroneous assessment by the clerk. If is urged that the plaintiff is dead; but his death is the reason why the judgment must be entered up nunc pro tunc; which renders the record consistent, and places the case in statu quo-ante mortem. It is further insisted that the. defendants should he allowed to plead payment puis darrein continuance; hut there being~only one party alive, no contestation can now come before the court, and an order for judgment having been taken, -there can he no subject for pleadings in this case. The suit terminated in Í8Í9; and so continues inert and inactive, until there shall he an offer to revive it, by writ of debt pr scire facias; when the defendant may plead as he shall deem -proper. The mistake is in supposing the case still before the court, open, and still in paper; when, in fact, it has terminated* *28 and will require a new writ; upon the issuing of which, the defendants niay plead whatever has occurred since the order for judgment in 183 9, and will then have, the benefit of the defence they woftld now set up by their plea.
Lastly. It is insisted that the declaration is radically defective; but after an order for judgment, this court will not look astutely into the form of a count* It is.enough that it appears* to be bottomed very inteliigility upon a-judgment of record, and being so, the rale is so to construe it, ut res magia voleo? quam p'ereat.
The motion is therefore discharged. We concur* —
G.anif. JbhmQWf JVott,ColcQQk.